UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA HEFFNER,

        Plaintiff,

v.                                                                  Case No. 8:23-cv-00404-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

_____/

## ORDER

    Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.

**A.   Procedural Background**

    Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 74, 85, 222–41). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 131–38, 142–55). Plaintiff then

---

[1] Martin O'Malley is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter.  No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act.  42 U.S.C. § 405(g).

requested an administrative hearing (Tr. 156–57). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35–73). Following the hearing, the ALJ issued an unfavorable decision in March 2020 finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15–28). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–3). Plaintiff then timely filed a complaint with this Court (Tr. 2166–70). This Court remanded the case upon the Commissioner's unopposed motion (Tr. 2166). On remand, the Appeals Council vacated the prior ALJ decision and instructed a new ALJ to consolidate the claims files, associate the evidence, offer Plaintiff a hearing, take any further action need to complete the administrative record, and issue a new decision on the consolidated claims (Tr. 2174). The ALJ did so and issued a partially favorable decision in December 2022 finding that Plaintiff became disabled beginning November 13, 2019, but not prior to that date (Tr. 2058–80). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1976, claimed disability beginning December 30, 2016[2] (Tr. 2058). Plaintiff obtained a partial college education (Tr. 2182). Plaintiff's past relevant work experience included work as a clerk at convenient stores (Tr. 43–

---

[2] In her original application, Plaintiff alleged she became disabled on March 1, 2012 (Tr. 86). Then, in Plaintiff's first ALJ hearing, she amended her alleged onset date to September 16, 2015 (Tr. 40). In plaintiff's second ALJ hearing upon remand, Plaintiff again amended her alleged onset date to December 30, 2016 (Tr. 2058, 2100).

44). Plaintiff alleged disability due to Crohn's disease, diverticulosis, asthma, depression, anxiety, panic attacks, GERD, back pain, fibromyalgia, and neuropathy (Tr. 75–76).

In rendering the administrative decision,[3] the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2016 and had not engaged in substantial gainful activity since December 30, 2016, the alleged onset date (Tr. 2061). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments:

> Since the amended alleged onset date of disability, December 30, 2016, the claimant has had the following severe impairments: Crohn's disease, degenerative disc disease, fibromyalgia, insomnia, obesity, anxiety disorder, and trauma/stressor related disorder. Beginning on the established onset date of disability, November 13, 2019, the claimant has had the same severe impairments: Crohn's disease, degenerative disc disease, fibromyalgia, insomnia, obesity, anxiety disorder, and trauma/stressor related disorder (20 CFR 404.1520(c) and 416.920(c)).

(Tr. 2061). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 2062). The ALJ then concluded that prior to November 13, 2019, the date the claimant became disabled, Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she would have the following limitations: never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance,

---

[3] For the purposes of this section, this Court will detail the second ALJ decision in the record.

> stoop, kneel, crouch and crawl; avoid concentrated exposure to
> extreme cold, extreme heat, humidity, pulmonary irritants, vibrations
> and hazards. Additionally, the claimant is limited to understanding,
> remembering and carrying out simple, routine, repetitive tasks; work
> involving only simple, work-related decisions with the ability to adapt
> to routine workplace changes; frequent interaction with supervisors
> and coworkers; and no interaction with the general public.

(Tr. 2065). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective

complaints and determined that, although the evidence established the presence of

underlying impairments that reasonably could be expected to produce the

symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting

effects of her symptoms were not entirely consistent with the medical evidence and

other evidence prior to November 13, 2019 (Tr. 2065–66). The ALJ then concluded

that since November 13, 2019, the date the claimant became disabled, Plaintiff

retained an RFC to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except
> she would have the following limitations: stand and/or walk 2 hours
> in an eight-hour workday, and sit 4 hours in an eight-hour workday;
> never climb ladders, ropes or scaffolds; occasionally climb ramps and
> stairs; occasionally balance, stoop, kneel, crouch and crawl; avoid
> concentrated exposure to extreme cold, extreme heat, humidity,
> pulmonary irritants, vibrations and hazards. Additionally, the
> claimant is limited to understanding, remembering and carrying out
> simple, routine, repetitive tasks; work involving only simple, work-
> related decisions with the ability to adapt to routine workplace
> changes; frequent interaction with supervisors and coworkers; and no
> interaction with the general public.

(Tr. 2072).

Considering Plaintiff's noted impairments and the assessment of a vocational

expert ("VE"), however, the ALJ determined Plaintiff could not perform her past

relevant work (Tr. 2076). Given Plaintiff's background and RFC, the VE testified

that prior to November 13, 2019, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a small products assembler (DOT# 706.684- 022), unskilled (SVP-2), Reasoning Level 2, light work, with approximately 85,000 jobs in the national economy; garment sorter (DOT# 222.687-014), unskilled (SVP-2), Reasoning Level 2, light work, with approximately 105,000 jobs in the national economy; and hand filler (DOT# 780.687-046), unskilled (SVP-1), Reasoning Level 1, light work, with approximately 90,000 jobs in the national economy (Tr. 2078). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled prior to November 13, 2019, but became disabled on that date (Tr. 2079).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other

substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The

Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by exceeding the mandate of the federal court remanding a prior decision and violating the late of the case doctrine. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Plaintiff's sole argument is straightforward but requires a detailed review of the procedural posture. In March 2020, an ALJ issued a decision finding Plaintiff not disabled (Tr. 15–28). Relevant here, the ALJ found that Plaintiff could perform sedentary work (Tr. 20). The Appeals Council denied Plaintiff's request for review, and she appealed to this Court (Tr. 2166–70). On appeal to this Court, the Commissioner moved to remand for the following reasons:

> Upon receipt of the court order, the Appeals Council will instruct the administrative law judge to obtain supplemental vocational evidence, addressing and resolving inconsistencies between the residual functional capacity and the jobs identified that Plaintiff can perform in the national economy in accordance with Social Security Ruling 00-4p; update the administrative record; offer Plaintiff the opportunity for a hearing; and issue a new decision.

(Tr. 2134). Plaintiff did not oppose the relief sought, and the district court remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the Commissioner's Unopposed Motion (Tr. 2134–36).

On remand from this Court, the Appeals Council vacated the ALJ's March 2020 decision (Tr. 2173–74). The Appeals Council also noted that Plaintiff had filed a subsequent claim for Title XVI disability benefits on January 26, 2021 (Tr. 2174). As a result of the duplicative claim, the Appeals Council directed the ALJ to consolidate the claims files, associate the evidence, offer Plaintiff a hearing, take any further action need to complete the administrative record, and issue a new decision on the consolidated claims (Tr. 2174). In compliance with the Appeals Council, the new ALJ held a hearing and issued a partially favorable decision on December 22, 2022, finding that Plaintiff became disabled beginning November 13, 2019, but she was not disabled prior to that date (Tr. 2058–80). Relevant here, the ALJ found that Plaintiff could perform light work (Tr. 2065).

Of note to this appeal, the ALJ in the March 2020 decision determined that Plaintiff could perform sedentary work, and the ALJ in the December 2022 decision determined that Plaintiff could perform light work (Tr. 20, 2065). Plaintiff argues that "[t]here was no explanation for the change in the [RFC] findings. . . . [and] the ALJ [in the 2022 decision] did not state there was new evidence that supported a change in the [RFC] findings from the first decision" (Doc. 17, at 4). Therefore,

Plaintiff argues that the 2022 ALJ decision violated the law of the case doctrine, and this case should be reversed and remanded.

Plaintiff aptly stated at the time of filing the brief that the Eleventh Circuit encountered a case with an identical factual situation to that of Plaintiff's case (Doc. 17, at 7). The Eleventh Circuit has since issued a published opinion in that case which undoubtedly resolves the instant matter before this Court. *See Weidner v. Comm'r of Soc. Sec.*, 81 F.4th 1341 (11th Cir. 2023). In *Weidner*, the plaintiff was found not disabled by an ALJ, including an RFC to perform sedentary work. *Id.* at 1343. After his request for review by the Appeals Council was denied, the plaintiff appealed to the district court, where the Commissioner moved without opposition to remand the case to the Social Security Administration. *Id.* The district court remanded the case, and the Appeals Council vacated the original ALJ decision and instructed the ALJ to obtain supplemental evidence in order to issue another opinion. *Id.* at 1343–44. In the meantime, the plaintiff had filed another application for SSI, to which the Appeals Council responded by consolidating the claims. *Id.* On remand, the ALJ conducted a hearing and issued a decision finding the plaintiff not disabled, including an RFC to perform light work. *Id.* The plaintiff then appealed to the district court, which affirmed the ALJ's decision. *Id.*

The plaintiff then timely appealed to the Eleventh Circuit. *Id.* There, the plaintiff similarly argued that the ALJ should have followed the law of the case doctrine and not reassessed his RFC from the previous decision. *Id.* at 1344. The plaintiff asserted that the ALJ was not permitted to relitigate any issue that the

district court implicitly decided. *Id.* First, the Eleventh Circuit determined that the law of the case doctrine did not apply in that instance because the earlier decision was vacated by the Appeals Council, and the law of the case doctrine requires an extant earlier decision.[4] *Id.* at 1345 ("[Vacated decisions] have no legal effect whatever. They are void.") (internal quotation marks and citations omitted). The Eleventh Circuit went on to explain that because the district court remanded the case on a motion from the Commissioner without making specific factual findings, including whether or not the ALJ properly determined the RFC, there were no factual findings in the remand order from which to deviate. *Id.* As a result, the Eleventh Circuit ultimately concluded that the ALJ was not required to abide by the prior RFC finding on remand. *Id.*

As the pertinent facts here are virtually identical to those in *Weidner*, the Eleventh Circuit's ruling is binding and dispositive of Plaintiff's instant action. In accordance with the Eleventh Circuit's decision, the law of the case doctrine does not apply here because the previous ALJ decision from March 2020 was vacated (Tr. 2173). Thus, Plaintiff's argument that the law of the case doctrine is applicable and warrants remand of this case must fail. Plaintiff cites to other authority that is neither directly on point nor binding on this Court, so its relevancy need not be considered. As a result, this Court reaches the same conclusion as the Eleventh

---

[4] The Eleventh Circuit determined that the law of the case doctrine was not applicable based on the vacatur without having to decide whether the doctrine applies to social security cases in general. *Id.* This Court follows suit and will not opine as to whether the law of the case doctrine applies in the social security context generally.

Circuit in *Weidner*: "[T]he ALJ was not required to abide by the prior RFC finding on remand," and the ALJ's decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 5th day of March, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

12